Dean S. Cooper
D.C. Bar #924894
Associate General Counsel
Federal Home Loan Mortgage Corporation
8200 Jones Branch Drive, M/S 202
McLean, VA 22102
(703) 903-2472 (telephone)
(703) 903-2252 (facsimile)

Attorney for Defendant Federal Home
       Loan Mortgage Corporation

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **Patricia Kidd, Pro Se, Relator** | ) | |
| **615 Roxboro Pl. N.W.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. 1:05CV1388JDB** |
| | ) | |
| | ) | |
| **Godwin Ukaegbu** | ) | |
| **others known and unknown** | ) | |
| | ) | |
| **Defendants.** | ) | |

## FEDERAL HOME LOAN MORTGAGE CORPORATION'S MOTION TO DISMISS COMPLAINT AND MEMORANDUM IN SUPPORT

NOW COMES Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac"), through counsel, and moves to dismiss the Complaint pursuant to FED.R.CIV.P. 12(b)(6) for failure to state a claim for which relief can be granted and in support thereof states as follows:

L:\CRTS\KIDNER\KIDD\Motion to Dismiss and Memorandum.doc

## INTRODUCTION

Plaintiff Patricia Kidd ("Kidd") appears *pro se* and is attempting to litigate for at least the fourth time the legality of the foreclosure sale of her former home, 615 Roxboro Place, N.W., Washington D.C. 20011 (the "Property"). Kidd filed a Complaint naming as defendants "Godwin Ukaegbu others known & unknown." The Complaint does not name Freddie Mac in the caption, and Freddie Mac is not named or identified in the body of the Complaint. Kidd fails to identify any specific causes of action, although it appears that the Complaint takes issue with the foreclosure of her home and her subsequent eviction, and charges one or more defendants (other than Freddie Mac) with fraud.

Ukaegbu is the only person actually named as a party in the caption to the Complaint, although no persons or entities are identified by name in the body of the Complaint. Both Ukaegbu and defendant L. Darren Goldberg are identified in the Handwritten Document. When she filed her Information Sheet with the Superior Court, Kidd indicated that Ukaegbu, Draper & Goldberg and Freddie Mac were the intended defendants. Kidd caused summonses to be issued against Wells Fargo, Ukaegbu, Draper & Goldberg, The District of Columbia, Mayor Anthony Williams, Alex Cooper Auctioneers, Inc., Robert Spanatelli (District of Columbia Office of Corporate Counsel), and Freddie Mac c/o Draper & Goldberg.

Kidd has recently filed several civil actions in the District of Columbia, and on at least two recent occasions has filed actions in which she has challenged the foreclosure of her home. She also sought to challenge the foreclosure in defending a writ of possession

action filed against her by Defendant Ukaegbu. All three courts, including this Court, have dismissed her claims or otherwise refused to grant her the relief she has sought with respect to the foreclosure of the Property.

Kidd's Complaint should be dismissed for several reasons: firstly, it does not name Freddie Mac as a party in the caption or in the body of the complaint, and does not allege any cognizable legal claims against Freddie Mac; and, secondly, if it does state any cognizable legal claims, those claims are barred under the doctrines of either *res judicata* or collateral estoppel, or both.

## THE PARTIES

Freddie Mac is a United States corporation chartered by Congress pursuant to the Federal Home Loan Mortgage Corporation Act of 1970, codified in 12 U.S.C. § 1451, *et seq.* Freddie Mac operates solely in the secondary mortgage market and is not involved in any way in the servicing of the mortgage loans which it purchases from originating lenders. Hashop v. FHLMC, 171 F.R.D. 208, 210-211 (N.D. Ill. 1997). Rather, Freddie Mac contracts with either the loan originator or another party to service the loans that they purchase, and Freddie Mac relies on the loan servicers to control all aspects of the mortgage servicing operations, including foreclosures. Id.

From 2002 through the foreclosure sale in 2003, Wells Fargo Home Mortgage, Inc. serviced Kidd's loan. Defendant L. Darren Goldberg was appointed substitute trustee under the deed of trust. Goldberg conducted the foreclosure. In December 2003,

the Property was sold to the high bidder at the foreclosure sale, Defendant Godwin Ukaegbu.

## STATEMENT OF FACTS

### *The Instant Action*

On 7 February 2005 Plaintiff filed her Complaint in the Superior Court of Washington, D.C.  On 20 June Freddie Mac received a copy of the Summons and Complaint, delivered by the United States Postal Service.  On 12 July, pursuant to 12 U.S.C. § 1452(f), Freddie Mac removed the action to this Court.

In addition to certain pre-printed notices issued by the Superior Court, Plaintiff served on Freddie Mac a Summons, a one-page Complaint (on a form provided by the Superior Court), and a two-page document containing entirely handwritten statements ("Handwritten Document").  Freddie Mac is not named in the caption to, or the body of the Complaint or the Handwritten Document.[1]  For the Court's convenience, Freddie Mac attaches more easily readable typed versions of the Complaint and the Handwritten Document marked as Exhibits A and B, respectively.   It appears that Kidd intends to sue

---

[1]  Although the Complaint appears to have been sworn to by Plaintiff on 4 February 2005, and bears the Superior Court Clerk's stamp and the civil action number, the Handwritten Document bears no court stamps, contains the handwritten heading "Complaint A" and "Complaint B" on the first and second pages, respectively, and concludes, "I am to be evicted tomorrow, Feb 4, 2004.  Wherefore I am (sic) request a TRO EX PARTE."

Freddie Mac because the Summons, which was filed and served along with the
Complaint, is directed to "Freddie Mac c/o Draper & Goldberg."[2]

Kidd alleges in her Complaint: she had owned her home (presumably located at
615 Roxboro Place NW, Washington DC) since 1986, but in 2002 she requested a
workout plan through a counseling service located in Washington; instead of loan
counseling, her lender initiated a foreclosure proceeding; the foreclosure notice contained
erroneous information about the amount of her debt, and the lender and/or servicer
refused to accept full payment; she filed a complaint but was informed that there was no
complaint mechanism available until after the foreclosure sale; her lender and/or servicer
agreed to "dual audits", to waive all fees and "quash" the foreclosure, and to a "dual
conference call;" however, they failed to act on her complaint that counsel and others
were engaged some unspecified fraud, and that the refusal to accept full payment and the
charging of high fees was intended to intimidate Plaintiff or was a reprisal. Plaintiff
seeks $300,000.00 "against Defendant."

Kidd further alleges, in her Handwritten Document[3]: Defendant Godwin
Ukaegbu misrepresented to her that he had purchased her home at the foreclosure sale;
Ukaegbu filed an action to evict her, but continued to misrepresent the facts; her research
led her to believe that the foreclosure sale had not, in fact, happened; Ukaegbu harassed

---

[2]  Draper & Goldberg, a law firm located in Leesburg, Virginia, does not represent Freddie Mac in this civil
action. The substitute trustee appointed to conduct the foreclosure of the Property, L. Darren Goldberg, is
one of the named partners of Draper & Goldberg.
[3] The Handwritten Document is apparently a "pleading" from an earlier civil action, and was served along
with the Complaint in error.

Plaintiff, and despite the fact he realized the foreclosure was void, he falsified documents in the land records; she seeks relief including a temporary restraining order to prevent the eviction, which she alleges is to take place "tomorrow, Feb 4, 2004."

### *Plaintiff's prior litigation on these same issues*

Plaintiff has on at least three prior occasions to Freddie Mac's knowledge litigated, or attempted to litigate the legality of the foreclosure of her home. On 10 December 2003 she filed a civil action, accompanied by a motion for preliminary injunction, (her "2003 Action" attached hereto as Exhibit C) in the Superior Court of the District of Columbia (Civil Action No. 03-9796) against several of the same parties to the current civil action (L. Darren Goldberg, Freddie Mac, and Alex Cooper Auctioneers), in which she sought to enjoin the foreclosure sale of her home. In her 2003 Action she also alleged that she "has file (sic) complaint about the questionable and escalating mortgage and fees and corporate costs which now have contributed to her adverse status w/no response." On 11 December 2003 the Superior Court heard and denied her motion for a temporary restraining order to halt the foreclosure sale, and on 19 December the Superior Court denied her motion for a preliminary injunction, finding that the foreclosure had already occurred on 11 December. Thereafter, Plaintiff filed a series of motions in the Superior Court and at least two appeals from orders of the Superior Court, as well as several motions in the Court of Appeals of the District of Columbia. On 4 August 2004 the Superior Court entered an order denying all of Plaintiff's pending claims and motions on the ground that "[t]he Court is unable to provide Plaintiff any relief in the instant

6

action, since the basis of Plaintiff's Complaint was rendered moot upon the sale of the

property." The final order issuing from the Court of Appeals was entered on 12 May

2005, when that court dismissed the appeal. Attached hereto as Exhibits D and E,

respectively, are the final orders issued by the Superior Court and the Court of Appeals in

the 2003 Action.

On 18 May 2004 Defendant Godwin Ukaegbu filed in the Superior Court for the

District of Columbia a Complaint for Possession of Real Estate against Kidd (Civil

Action number 04 LT 17395, the "Possession Action"), for the purpose of obtaining

possession of the Property. Kidd vigorously defended the action. Copies of the

Possession Action and Kidd's Answer are attached hereto as Exhibits F and G,

respectively. In her Answer, Kidd asserted a plea in title defense, claiming that she still

owned the Property. On 2 February 2005 the Superior Court entered its order granting

judgment of possession to Ukaegbu, and denying all of Kidd's motions and injunction

applications. In its Findings of Fact, Conclusions of Law and Judgment for Possession in

Favor of Plaintiff ("Judgment for Possession"), the Superior Court made the following

findings of fact pertinent to the instant action: Defendant Ukaegbu was the "rightful

owner of the Property", and Kidd "offered no evidence to support the assertion that she

owns the Property" (Judgment for Possession, p 4); and, there was no evidence that

supported Kidd's complaints regarding the foreclosure process: "While [Kidd] is free to

utilize all legal channels at her disposal to dispute the actual amount owed, the evidence

is uncontradicted that she owed some money, she did not pay it and her property was

foreclosed. Indeed, Pl. Ex. 9 showed that $38,974.11... was owed" (Judgment for Possession, pp 4-5, and n 5). On 11 February 2005 Kidd appealed the Judgment for Possession, although Freddie Mac is unaware of the status of that appeal.

On 15 December 2004 Plaintiff filed suit in this Court against the District of Columbia and numerous other persons and entities (Civil Action No. 04-CV-2176), including Freddie Mac and all the other parties served with a summons and complaint in the instant action with the sole exception of Godwin Ukaegbu (Kidd's "2004 Action"). Much of her 46-page long, single-spaced complaint appears to be an attempt to re-litigate an employment dispute, and its aftermath, that Kidd was engaged in with the District of Columbia stemming from the late 1980s. There were, however, several references to Plaintiff's mortgage loan and allegations directed against the same defendants as in the instant action challenging the legality of the foreclosure of the Property. Particular reference is made to ¶¶ (9) a., n., o., (12), (16), (22), (44), (55) & (57). In her 2004 Action, Plaintiff made some substantially similar allegations to those she makes in the present action. For example, in the 2004 Action Plaintiff alleged:

> Ms. Kidd contacted a D.C. Mortgage Counseling Service to obtain its support in getting her an extension for filing late mortgage payments in early 2/2002. Ms. Kidd was told that she had been granted a workout. Instead what she got was a default notice, stating that she owned (sic) nearly $58,000 in legal fees to get her home back. Followed, was a debt notice from the auctioneer saying she owed $18,000 in fees and that her home was to be sold in April, 2002.

> 2004 Complaint, ¶ (16), p 29, fourth bullet point.

> I sent in my mortgage payments of $2,200 to bring me current through July. ... I am just told this just before the auctioning of my home, December 11[th]. I

purchased my home in September 1986.... ... Wells Fargo took the mortgage. I received double billings, which were never corrected as agreed in 4/02 (Freddie Mac, Wells Fargo and me). ... But I was told foreclosure was accelerated.

2004 Complaint, ¶ (44) d, p 43.

Also wells Fargo (sic), misappropriated my payments which (sic) would have me current up through July, 2003 to some "other charges" and said that I still owed in excess of $2,300 and therefore was in foreclosure and the loan was accelerated. It should be noted as in the attached mortgage chronology that Wells Fargo and Freddie Mac both reached and agreed in writing or phone, and confirmed from a representative that independent audits would be done and we would conference about any fees, or total waiver.

2004 Complaint, ¶ (44) f, p 43.

Petitioner hereby incorporates the case where she asserts that somewhere on or about September 11, 2003 and September 23, 2004, that she was unlawfully divested of title to her home at 615 Roxboro Place NW, Washington DC (property) by defendants Wellsfargo Home Mortgage (sic), Freddie Mac.

2004 Complaint, ¶ (57), p 46.

This Court dismissed the 2004 Action, with prejudice (a copy of the Order is attached hereto as Exhibit I), on the same day that Kidd filed the complaint.[4] Less than two months later, Kidd filed the instant action in Superior Court.

## **LEGAL STANDARD**

This Motion is brought pursuant to FED. R. CIV. P. 12(b)(6), for failure of the Complaint to state a claim upon which relief can be granted. The Supreme Court has

---

[4] Although Freddie Mac was unable to obtain confirmation from the Clerk's office, the immediate dismissal of the 2004 Action raises the question whether this Court has imposed a requirement on Kidd that she must seek this Court's permission before filing further civil actions, and whether she had violated that order. In addition to the civil actions in which Kidd has complained about the foreclosure, Freddie Mac is informed that Kidd has filed two other civil actions in this Court (92-CV-2897 and 95-CV-611), the decisions in both of which actions were unsuccessfully appealed (see 94-7177 and 98-7100, respectively).

held that "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 2 L. Ed. 80, 78 S. Ct. 99 (1957). "In reviewing the complaint, the court must accept as true all factual allegations in the complaint and construe them in a light most favorable to the plaintiff." Scheuer v. Rhodes, 416 U.S. 232, 236, 40 L. Ed.2d 90, 94 S. Ct. 1683 (1974).

> However, the court need not accept as true the plaintiff's legal conclusions. *See Papasan v. Allain,* 478 U.S. 265, 286, 92 L.Ed.2d 209, 106 S.Ct. 2932 (1986). The court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *See Hishon v. King & Spalding,* 467 U.S. 69, 73, 81 L.Ed.2d 59, 104 S.Ct. 2229 (1984)....

> Price v. Phoenix Home Life Ins. Co., 44 F. Supp. 2d 28, 31 (D.D.C.1999). And, even though pro se plaintiffs are entitled to a little more latitude with respect to the strict application of the rules of pleading, there are limits.

> A *pro se* complaint is held to a less stringent standard than formal pleadings drafted by lawyers. *See King v. Meekins,* 593 F.Supp. 59, 60 (D.D.C.1984) (*quoting Haines v. Kerner,* 404 U.S. 519, 520, 30 L.Ed.2d 652, 92 S.Ct. 594 (1972)). For example, the court is required to read *pro se* complaints liberally and broadly. *See Haines,* 404 U.S. 519. Also, a *pro se* complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *See id.* at 520. Still, *Wilson v. Civil Town of Clayton,* 839 F.2d 375, 378-79 (7th Cir. 1988), instructs us that although a court should read a *pro se* plaintiff's complaint liberally, a *pro se* plaintiff must at least meet a minimal standard of pleading in the complaint.

> Price v. Phoenix Home Life Ins. Co., 44 F. Supp. 2d at 31.

**ARGUMENT**

1. The Complaint should be dismissed as to Freddie Mac because Plaintiff does not
   name Freddie Mac as a party in the Complaint, Plaintiff makes no allegations
   against Freddie Mac, and Plaintiff seeks no relief from Freddie Mac.

As an initial matter, Plaintiff has not named Freddie Mac in the caption or in the

body of the Complaint.[5]  An action should not be allowed to proceed against defendants

identified only as "others known and unknown."  Stratton v. Boston, 731 F. Supp. 42, 44

(D.Ma.1989) (case not allowed to proceed against defendants designated as "Certain

Unknown Officers").  Plaintiff obviously knows enough about Freddie Mac's identity to

be able to prepare a summons and serve it on Freddie Mac.  It is evident from her earlier

litigation that she is aware of the identity of Freddie Mac.  There is, therefore, no

excuse for Plaintiff's failure to name Freddie Mac in the caption or the body of the

Complaint.

Secondly, Freddie Mac should be dismissed from this action because Kidd's

Complaint fails to allege any facts against, or seek any relief from, Freddie Mac.  "A

pleading which sets forth a claim for relief... shall contain... (2) a short and plain

statement of the claim showing that the pleader is entitled to relief...."  FED. R. CIV. P.

8(a).  Complaints filed in the Superior Court of the District of Columbia must follow the

same rule.  D.C. R. CIV. P. 8(a).  While the Complaint contains statements concerning

---

[5] "Every pleading shall contain a caption setting forth the name of the court, the title of the action, the file
number, and a designation as in Rule 7(a). **In the complaint the title of the action shall include the
names of all the parties**...."  FED. R. CIV. P. 10(a) (emphasis added).  Complaints filed in the Superior
Court of the District of Columbia must follow the same rule.  D.C. R. CIV. P. 10(a).

the loan, the foreclosure, unspecified fraud, and the eviction, it does not show that Kidd is entitled to any relief, and certainly not from Freddie Mac. Even "a *pro se* complaint must include some facts in support of the claim that would entitle the plaintiffs to relief. Where no such factual basis is provided, the claims must be dismissed." Stratton, at 47. The complaint must give fair notice of the claim asserted. Modderno v. King, 82 F.3d 1059, 1063 (D.C. Cir. 1996) (affirming dismissal). Mere inferences or conclusory allegations that are not supported by well-pleaded facts are insufficient. Western Associates Limited Partnership v. Market Square Associates, 235 F.3d 629, 633-36 (D.C. Cir. 2001) (citing Kowal v. MCI Comm. Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994); Bradley v. NASDAC Dispute Resolution, Inc., 245 F.Supp.2d 17, 20 (D.D.C. 2003) (dismissing complaint); Hopkins v. Womens Div., General Bd. Of Global Ministries, 238 F.Supp.2d 174, 178 (D.D.C. 2002) (dismissing complaint); Franklin Asaph Ltd. Partnership v FDIC, 794 F.Supp. 402, 404 (D.D.C. 1992). Plaintiff is not entitled to the presumption that he can prove facts that are not alleged in the complaint. DeJoy v. Comcast Cable Communications, Inc., 941 F.Supp. 468, 472-73 (D.N.J. 1996) (citing Associated General Contractors v. California State Council of Carpenters, 459 U.S. 519, 526, 74 L.Ed.2d 723, 103 S.Ct. 897 (1983)).

Kidd makes some reference to a fraudulent scheme, and as such her Complaint clearly fails to comply with the minimum standards required by FED. R. CIV. P. 9(b). D.C. R. CIV. P. 9(b) is identical.

Rule 9(b) requires that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." This specificity requirement "normally means that the pleader must state the time, place and content of the false misrepresentations, the fact misrepresented and what was obtained or given up as a consequence of the fraud." United States v. Cannon, 206 U.S. App. D.C. 405, 642 F.2d 1373, 1385 (D.C.Cir.1981) (internal citation and quotation omitted).

Allen v. Beta Constr., 309 F. Supp. 2d 42, 45 (D.D.C.2004). The Complaint fails to "serve[] the central purpose of Rule 9(b) … [that is to] guarantee all defendants sufficient information to allow for preparation of a response. Cannon, 642 F.2d at 1385." Allen, 309 F.Supp.2d at 47. "[W]hen there are allegations of a fraudulent scheme with multiple defendants, the complaint must inform each defendant of the specific fraudulent acts which constitute the basis of the action against each particular defendant. Id.; Adair v. Hunt International Resources, 526 F.Supp. 736, 744 (N.D.Ill 1981); Lincoln National Bank v. Lampe, 414 F.Supp. 1270, 1279 (N.D.Ill. 1976)." Bruss Co. v. Allnet Communication Services, Inc., 606 F. Supp. 401, 405. Plaintiff's Complaint utterly fails to inform Freddie Mac what role, if any, it played in any alleged fraudulent scheme.

"The burden imposed by [FED. R. CIV. P. 8(a)] is by no means exacting. Quite to the contrary, the provision generously accords the plaintiff wide latitude in framing his claims for relief. … This is particularly the case where, as here, the plaintiff is proceeding pro se." Brown v. Califano, 75 F.R.D. 497, 499 (D. D.C. 1977) (citations omitted). However "despite the liberality envisioned by the rule, **even a pro se complaint is subject to dismissal if the pleading fails reasonably to inform the adverse party of the asserted cause of action.**" Id, (citations omitted, emphasis added).

13

Ordinarily, the remedy for noncompliance with Rule 8(a) is dismissal with leave to amend. *Koll v. Wayzata State Bank, supra*, 397 F.2d at 127; *Johnson v. Hunger*, 266 F.Supp. 590, 591 (S.D.N.Y. 1967). But where, as here, **the plaintiff has shown that he is no stranger to the courts, having filed seven previous lawsuits akin to this one, dismissal with prejudice is not inappropriate.** *Hutter v. Schraml*, 51 F.R.D. 519, 522 (E.D.Wisc. 1970). To permit plaintiff to institute this lawsuit another time will needlessly waste time and effort.

Brown, 75 F.R.D. at 499 (emphasis added). Freddie Mac submits that dismissal is doubly appropriate here because Kidd's claims are barred by the doctrines of *res judicata* and/or collateral estoppel.

2. Kidd is barred from re-litigating the issue of the legality of the foreclosure under the doctrines of *res judicata* and collateral estoppel.

Assuming for the purposes of the motion that the Complaint states a cognizable claim against Freddie Mac, Kidd's Complaint is barred by the doctrines of *res judicata* and/or collateral estoppel. "Under *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." San Remo Hotel, L.P. v. City & County of San Francisco, 125 S. Ct. 2491, 162 L. Ed. 2d 315; 2005 U.S. LEXIS 4848 (2005) (quoting Allen v. McCurry, 449 U.S. 90, 94, 66 L.Ed.2d 308, 101 S.Ct. 411 (1980).

14

Federal courts must give a state court judgment "the *res judicata* effect which the judgment would be accorded in the state which rendered it." <u>Durfee v. Duke</u>, 375 U.S. 106, 11 L.Ed.2d 186, 84 S.Ct. 242 (1963). <u>Ezrin v. Stack</u>, 281 F. Supp. 2d 67, 69 (D.D.C.2003). Hence, in the District of Columbia, under the doctrine of *res judicata*, "a final judgment on the merits... precludes litigation in a subsequent preceding of all issues arising out of the same cause of action between the same parties or their privies, whether or not the issues were raised in the first such proceeding." <u>Carr v. Rose</u>, 701 A.2d 1065, 1070 (D.C. 1997).

In her 2003 Action Kidd sought to enjoin the foreclosure sale, and she also made allegations about the loan, fees and costs about which it appears she is complaining of in the instant action. Kidd filed numerous motions with the Superior Court, and she filed at least one appeal as well as several motions with the Court of Appeals, and her complaint was ultimately dismissed and her appeal denied. Freddie Mac was a party to the 2003 Action.

A year later when she filed the 2004 Action in this Court, Kidd again sought to litigate the cause and result of the foreclosure sale of her Property. This Court dismissed Kidd's 2004 Action with prejudice. All of the defendants (including Freddie Mac) it appears Kidd intends to sue in the instant action (except Ukaegbu) were named as parties in the 2004 Action.

In addition, or in the alternative, Freddie Mac contends that the doctrine of collateral estoppel bars Kidd's further attempt to litigate the legality of the foreclosure.

15

In the Possession Action, the superior Court of the District of Columbia decided issues of fact and law necessary to its decision granting possession of the Property to Defendant Ukaegbu, specifically that Defendant Ukaegbu was the "rightful owner of the Property", and Kidd "offered no evidence to support the assertion that she owns the Property" (Judgment for Possession, p 4); and, there was no evidence that supported Kidd's complaints regarding the foreclosure process (Judgment for Possession, pp 4-5, and n 5). Kidd is, therefore, barred from re-litigating the legitimacy of the foreclosure of the Property, or her claim to ownership.

## CONCLUSION

Kidd has had repeated opportunities to litigate the legality of the foreclosure. The Superior Court for the District of Columbia has twice considered her arguments and claims, and this Court dismissed those same claims (and others) with prejudice less than eight months ago. There is no good reason to permit Kidd to yet again raise the same factual and legal issues that have been decided in prior litigation. For the reasons stated above, Freddie Mac respectfully requests that the Court enter an order dismissing Kidd's Complaint, as against Freddie Mac, with prejudice.

Respectfully submitted, this 8th day of August 2005.

FEDERAL HOME LOAN MORTGAGE
CORPORATION

Dean S. Cooper, Esq.
DC Bar #924894
Associate General Counsel
Federal Home Loan Mortgage
Corporation
8200 Jones Branch Drive, M/S 202
McLean, VA  22102
(703) 903-2472 (telephone)
(703) 903-2252 (facsimile)

Of Counsel:

Graham H. Kidner
Assistant General Counsel
Federal Home Loan Mortgage
Corporation

17

Dean S. Cooper
D.C. Bar #924894
Associate General Counsel
Federal Home Loan Mortgage Corporation
8200 Jones Branch Drive, M/S 202
McLean, VA 22102
(703) 903-2472 (telephone)
(703) 903-3691 (facsimile)

Attorney for Defendant Federal Home
        Loan Mortgage Corporation

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Patricia Kidd, Pro Se, Relator** ) | |
| **615 Roxboro Pl. N.W.** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| ) | |
| **vs.** ) | **Civil Action No. 1:05CV1388JDB** |
| ) | |
| ) | |
| **Godwin Ukaegbu** ) | |
| **others known and unknown** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER GRANTING FEDERAL HOME LOAN MORTGAGE
## CORPORATION'S MOTION TO DISMISS

Upon motion of Federal Home Loan Mortgage Corporation ("Freddie Mac") to

dismiss Freddie Mac as a party to civil action pursuant to FED.R.CIV.P. 12(b)(6) for

## EXHIBIT A

1. **Jurisdiction of this court is founded on D.C. Code Annotated, 1973 edition, as amended, Sec. 11-921.**
   Plaintiff purchased her home in 1986; in 2002 she requested a workout plan through a NW counseling service and agreed to send info. Instead she received a foreclosure notice which was full of accounting errors, the mortgage was doubled, servicer/lender refused to except (sic) full payment and plaintiff filed a complaint and was told that there was not complaint mechanism until <u>after</u> property is taken and becomes an asset; successful in reaching executives servicer and lender, both agreed to dual audits to quash the foreclosure, to waive all fees, a dual conference call and that all foreclosure was cured. However, both failed to act on plaintiffs (sic) complaint that counsel and others were engaged in several matters which she was a witness and advocate in fraud allegations for DC residents and that the refusal to accept payment and the high fees could be reprisal or intimidate. In 2003, receiving several statements for the same period Plaintiff

   **Wherefore, Plaintiff demands judgment against Defendant in the sum of $300,000 with interest and costs.**

L:\CRTS\KIDNER\KIDD\complaint.doc

## EXHIBIT B

Godwin Ukaegbu, defendant came to my home misrepresenting himself, he informed me that same had purchased my home.  He would not say whom but did give me a sheet of paper having Defendant Goldberg's information and several other organizations involved in a matter related to 89-Ca-2695, Carter v. DC.

I was ordered to appear before the L/T Court.  Mr. Ukaegbu misrepresented who he was, a broker whom w/ his wife, the title company, Goldberg and others to misrepresent that a foreclosure, settlement, and loan, transfer and other steps had happened in order to give him my property.  Upon research I found that in fact no settlement had taken place because monies had not changed hands.  In addition a title search had not been done.  The four (sic) three stages of foreclosure has (sic) not happened.
In addition Mr. Ukaegbu has harassed me ordering me into caught and upon finding the foreclosure void, he went to the land records and changed documents.  The courts did not stop this.  I refer you to the attached Emergency motion and TRO.

1.      I have charged that
                I request jury trial 7th amendment & be denied
                I have objected to pretext evidence made
                I have challenged the judge's trying evidence w/o jury
                I have challenged funds being given to the defendant, unclean hands.
                I have challenged the fact that a motion was pending and denied when the court ordered my presence and as absent and only the orders were given.

Pending is my challenge – Omnibus.
I am to be evicted tomorrow, Feb 4, 2004.  Wherefore I am request a TRO EXPARTE.

Pat Kidd
615 Roxboro Pl. NW
WDC  20011

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

*Pat Kidd*
*Plaintiff*

RECEIVED
Civil Clerk's Office
DEC 1 0 2003
Superior Court of the
District of Columbia
Washington, D.C.

Plaintiff

*vs.*

*L. Darren Goldberg, Esq*
*c/o Draper & Goldberg PLC*
*Freddie Mac, Mortgage*
*Alex Cooper, auctioneers*
*(Others Known & Unknown)*

**Defendants**

03-0009796

CIVIL ACTION NO. _____

(addresses on
attached copy)

**COMPLAINT**

1.  Jurisdiction of this court is founded on D.C. Code Annotated, 1973 edition, as amended, Sec. 11-921.

Plaintiff seeks exparte remedy enjoining & restraining the above captioned defendant, Wells Fargo Home Mortgage Inc, Darren Goldberg Esq, and the Law Firm of Draper & Goldberg, PLC located in Virginia, and Alex Cooper Auctioneers Inc from proceeding with foreclosure sale of her residence Wed. Dec 11, 2003 at 16:54 at 5211 Wisconsin Ave, Suite 750 W. Plaintiff has filed complaint about the questionable and escalating mortgage and fees and corporate costs which now have contributed to her adverse status w/no response

Wherefore, Plaintiff demands judgment against Defendant in the sum of $ _____ with interest and costs.

Phone: 202-726-1955

DISTRICT OF COLUMBIA, SS

*Pat Kidd* _____, being first duly sworn on oath deposes and says that the foregoing is a just and true statement of the amount owing by defendant to the plaintiff, exclusive of all set-offs and just grounds of defense.

*Pat Kidd*
(Plaintiff)                          (Agent)

Subscribed and sworn to before me this _____ day of _____ 20 ___

_____
(Notary Public/Deputy Clerk)

FORM CV-1013/ Nov. 00

**EXHIBIT C-1**