# Superior Court of the District of Columbia
## CIVIL DIVISION

Pat Reid

Plaintiff

vs.

L. Darren Goldberg, Esq.
c/o Draper + Goldberg, PLLC
Freddie Mac Mortgage
Alex Cooper, Auctioneer
Others Known + Unknown

Defendant

RECEIVED
Civil Clerk's Office
DEC 10 2003
Superior Court of the District of Columbia
Washington, D.C.

No. 03-0009795

## MOTION (Pro Se)

MOTION OF: Patricia Reid for Preliminary Injunction

(State briefly what you want the Court to do) Plaintiff seeks to mandatorily enjoin defs from capriciously elevating mortgage fees and inevitably leading to foreclosure status and the threat of loss of home. These matters are ongoing and harms plaintiff. Remedy of audit and reversing actions.

Printed name:

Signature:

Address:

Home phone no.

Business phone no. 7 1 2

## CERTIFICATE OF SERVICE

On Dec 10th, 2003 I mailed this motion to all the lawyers in the case, the plaintiff(s) and the defendant(s) who do not have lawyers, as listed below:

Name: L. Darren Goldberg, Esq.
c/o Draper + Goldberg, PLLC
Address: Freddie Mac Mortgage
Alex Cooper, Auctioneer
+ others Known + Unknown

Name: Atten: L. Darren Goldberg
PO Box 1177 Leesburg VA 20178
Address: attn: Alex Cooper, Auctioneer 5301 Wisc Ave NW 20015

Signature

## POINTS AND AUTHORITIES

(Write the reasons why the Court should grant your motion and include Court rules, laws and cases, if any, that support your reasons.)

The equitable powers of the Court
Truth in Lending + Consumer Protection laws

Pat Reid
Signature

Form CV-203/Doc. 00

EXHIBIT C-2

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

PAT KIDD
        Plaintiff

v.

L. DARREN GOLDBERG
        Defendant

Case No. 03CA9796
Calendar 13
Judge Melvin R. Wright

### OMNIBUS ORDER DENYING PLAINTIFF'S *PRO SE* MOTIONS (1) TO VACATE/RECALL MANDATE/SET ASIDE/REINSTATE CASE; (2) TO AMEND (RECURRING DAMAGES); (3) FOR REINSTATEMENT; AND (4) TO AMEND COMPLAINT

Upon consideration of Plaintiff's *pro se* Motions (1) to Vacate/Recall Mandate/Set Aside/Reinstate Case (Group 22); (2) to Amend (Recurring Damages) (Group 24); (3) for Reinstatement (Group 29); and (4) to Amend Complaint (Group 27), it is by the Court this 2nd day of August 2004,

**ORDERED** that Plaintiff's *pro se* Motions (1) to Vacate/Recall Mandate/Set Aside/Reinstate Case; (2) to Amend (Recurring Damages); (3) for Reinstatement; and (4) to Amend Complaint be and are hereby **DENIED**. The Complaint sought injunctive relief from a pending foreclosure sale of Plaintiff's property. That sale had already occurred by the time of the status hearing before this Court on December 19, 2003, so any injunctive relief was denied as moot. This case is in the same posture now as it was at the time of that status hearing. The Court is unable to provide Plaintiff any relief in the instant action, since the basis of Plaintiff's Complaint was rendered moot upon the sale of the property.



EXHIBIT D

**SO ORDERED.**

*Melvin R. Wright*
Melvin R. Wright
Associate Judge

DOCKETED AUG 4 - 2004

MAILED AUG 4 - 2004

Copies to:

Patt Kidd
615 Roxboro Pl., NW
Washington, DC 20011

L. Darren Goldberg, Esq.
803 Sycolin Rd.
Suite 301
Leesburg, VA 20175

AUG 0 5 2004

2

## District of Columbia Court of Appeals

No. 04-CV-1119

PAT KIDD,

          Appellant,



CA9796-03

v.

L. DARREN GOLDBERG,

          Appellee.

### ORDER

On consideration of this court's order of April 18, 2005, directing appellant to submit the brief, accompanied by a motion for leave to file out of time, within 20 days, and appellant having failed to comply with the order, it is

ORDERED that this appeal is hereby dismissed. See D.C. App. R. 13.

BY THE COURT:

ANNICE M. WAGNER
Chief Judge

Copies to:

Honorable Melvin R. Wright

Clerk, Superior Court

Director, Court Reporting Division

Pat Kidd
615 Roxboro Place, NW
Washington, DC 20011

L. Darren Goldberg
803 Sycolin Road - Suite 301
Leesburg, VA 20175

lw



(Police Memorial Entrance)
Washington, D.C. 20001 Telephone 879-1152 L&T. _____

GODWIN UKAEGBU vs. PATRICIA A. KIDD
Plaintiff/Landlord                           Defendant/Tenant
5505 SARGENT ROAD                            615 ROXBORO PL. NW.
Address                                      Address
HYATTSVILLE MD. 20782                        Washington, D.C. 20011
301-559-6000 X 69                            Zip Code

FILED
MAY 18 2004
Superior Court
of the District of Columbia
Washington, D.C.

## COMPLAINT FOR POSSESSION OF REAL ESTATE

DISTRICT OF COLUMBIA, ss:

GODWIN UKAEGBU _____, being first duly sworn, states: ☒ he or she is the landlord and/or ☒ licensed real estate broker or ☐ the landlord's authorized agent of the house, apartment or office located at 615 ROXBORO PL. NW WASH. DC. 20011 _____, Washington, D.C.
The property is in the possession of the defendant, who holds it without right.
The landlord seeks possession of the property because:
A. ☐ The tenant failed to pay: $ _____, total rent due from _____ to _____; $ _____, late fees; and/or $ _____, other fees (Specify) _____
The monthly rent is $ _____. The total amount due to the landlord is $ _____
Notice to quit has been: ☒ served as required by law ☐ waived in writing.
B. ☐ Tenant failed to vacate property after notice to quit expired. (copy attached).
C. ☒ For the following reason: (explain fully)
REFUSED TO VACATE FROM BANK FORECLOSED PROPERTY
Notice to quit is: ☐ not required ☐ waived in writing ☒ other — on file

Therefore, the landlord asks the Court for:
☒ judgment for possession of the property described.
☐ judgment for rent, late fees, other fees and costs in the amount of $ _____.
☐ an order of the Court that all future rent be paid into the Registry of the Court until the case is decided.

                                    GCUkaegbu
                                    Plaintiff / Landlord or Agent
Subscribed before me this MAY 18 2004 _____ day of _____

PATRICIA FRANKLIN
DEPUTY CLERK
Notary Public                       My Commission expires

## SUMMONS — TO APPEAR IN COURT

YOU ARE HEREBY SUMMONED AND REQUIRED TO APPEAR ON JUN 8 2004 AT 9:00 A.M. PROMPTLY, in the Landlord and Tenant Courtroom, Bldg. B, 409 E Street N.W. (Police Memorial Entrance) to answer your landlord's complaint for possession of the premises listed in the above complaint. If you live on the premises and you are not named as a tenant you must come to court if you claim a right to possession of the premises.

## CONVOCATORIA — DE COMPARENCIA AL TRIBUNAL

A USTED SE LE ORDENA Y EXIGE QUE COMPAREZCA EL JUN 8 2004 _____ A LAS 9:00 A.M. en la Sala de Arrendadores y Arrendatarios, Edificio B, 409 E Street N.W. (Ingreso por el Monumento a la policia) a contestar la demanda entablada por ocupacion de la propiedad aqui citada. Si usted vive en esa propiedad sin que se le mencione como inquilino, debe presentarse al tribunal para reclamar cualquier derecho de ocupacion que tenga sobre la misma.

Plaintiff's/Landlord's Attorney
Abogado del demandante/Arrendador

Address/Direccion    Zip Code/Codigo postal

Phone No            Unified Bar No.
Telefono            No. de afiliacion
                    Sociedad de Abogados

CLERK OF THE COURT
SECRETARIO DEL TRIBUNAL
Costs of this suit to date are
Costos del jucio hasta la fecha
$ 08-37

# Superior Court of the District of Columbia
## CIVIL DIVISION - Landlord and Tenant
500 Indiana Ave., N.W., Room JM-255
Washington, D.C. 20001

FILED
JUN 2 4 2004
Superior Court
of the District of Columbia
Washington, D.C.

Godwin Okaebu

*Plaintiff*

Civil Action No. L17 39504

VS.

Patricia Kidd

*Defendant*

## ANSWER OF DEFENDANT

DISTRICT OF COLUMBIA, ss:

The defendant, for answer to the claim of the plaintiff herein, says that he said plaintiff is not entitled to have judgment as demanded in the complaint for the following reasons:

I own the property at 615 Roxboro Place
I assert plea of title.

MATTERS Pending in Fed Question / Supreme Court Jurisdictions
These matters Toll 1983

Perserve Right Always to Jury trial

And, therefore, said defendant respectfully demands that this suit be heard in open court.

| DEFENDANT: Patricia Kidd | ADDRESS: 615 Roxboro Place NW Washington DC 20011 | TELEPHONE NO. (202) 726-1955 |
|---|---|---|
| COPY MAILED TO: (ATTORNEY FOR PLAINTIFF) | JUN 2 4 2004 | Karen Frye |

KAREN FRYE
DEPUTY CLERK

Form CV(6)-451/Mar 97

EXHIBIT G

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

FILED
IN OPEN COURT
FEB 2 2005
Superior Court
of the District of Columbia
Washington, D.C.

GODWIN UKAEGBU,

    Plaintiff,

v.

PATRICIA A. KIDD,

    Defendant.

Case No. 04lt17395
Calendar 9
Judge Duncan-Peters
Courtroom 516

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND JUDGMENT FOR POSSESSION IN FAVOR OF THE PLAINTIFF

This matter comes before the Court on consideration of the Plaintiff's Complaint for Possession of Real Estate. A non-jury trial was held on November 5, 16, 18, and 22, 2004.

## BACKGROUND

The Plaintiff purchased the property located at 615 Roxboro Place, N.W., Washington, D.C. 20011 (hereinafter, "Property") at auction on December 11, 2004. See Pl. Ex. 1A (Memorandum of Purchase at Public Auction, 12/11/03). The Defendant, who has lived in the Property at all times relevant to this matter, conveyed the Property to a Trustee under the terms of a mortgage executed in 1986. See Pl. Ex. 4 (Trustees Deed, 1/21/04). Wells Fargo Home Mortgage, Inc. (hereinafter, "Wells Fargo"), the holder of the mortgage, filed a notice of foreclosure on the Property on April 15, 2002, "default having occurred under the terms and provisions of the Deed of Trust." See id. After the Defendant paid an amount sufficient to make the account current as of April 25, 2002, Wells Fargo halted foreclosure proceedings. See Def. Ex. 2 (Letter from Mike Martin to

EXHIBIT H

Patricia Kidd, 4/25/02). On June 23, 2003, Wells Fargo notified the Defendant that the loan attached to the Property was again in default. See Def. Ex. 7 (letter from Wells Fargo to Patricia Kidd, 6/23/03).

On October 23, 2003, pursuant to its authority under the Deed of Trust, Wells Fargo appointed L. Darren Goldberg, an attorney licensed to practice law in the District of Columbia, as Substitute Trustee.[1] See Def. Ex. 10 (Deed of Appointment of Substitute Trustees, 10/23/03). On November 7, 2003, Mr. Goldberg, in his capacity as Substitute Trustee, sent to the Defendant a Notice of Foreclosure on the Property, informing her that a foreclosure sale of the Property was scheduled for December 11, 2003 at Alex Cooper Auctioneers, Inc., in Washington, D.C. See Pl. Ex. 9 (Notice of Foreclosure Sale of Real Property or Condominium Unit, 11/7/03). The Notice of Foreclosure also stated the minimum payment necessary to cure the default under District of Columbia law. See id.

As noted, the foreclosure sale went forward on December 11, 2003, and the Plaintiff purchased the Property. See Pl. Ex. 1A. On January 21, 2004, Mr. Goldberg and the Plaintiff executed a Trustee's Deed naming the Plaintiff as the sole owner of the Property. See Pl. Ex. 4. On April 14 and 15, 2004, the Plaintiff served notice to quit on the Defendant through a process server. See Pl. Ex. 7 (Affidavit of Service by Special Process Server, 4/19/04). The Plaintiff filed his Complaint for Possession of Real Estate on May 18, 2004. See Complaint. Mr. Eugene Croxton has sworn in an affidavit dated June 1, 2004 and in open court

---

[1] Mr. Goldberg, along with James W. Holderness and Ignacio Cortina, also had been appointed one of three Substitute Trustees for the Property on March 11, 2002, apparently in connection with the earlier default on the loan referenced in the April 15, 2002 letter to the Defendant. See Def. Ex. 11 (Deed of Appointment of Substitute Trustees, 3/11/02).

2

on October 15, 2004 that he served the Defendant personally with a copy of the Complaint and summons on May 28, 2004. See Pl. Ex. 1 (Affidavit of Service by Special Process Server, 6/1/04). The Defendant filed an Answer on June 24, 2004, asserting: "I own the property at 615 Roxboro Place." See Answer. The Defendant subsequently filed a Motion to Dismiss, which the Court denied, on grounds that "the Defendant's complaints about the foreclosure should be brought in the civil case and not in this case."[2] See Ukaegbu v. Kidd, 04lt17395, Order Denying Defendant's Motion to Dismiss, docketed November 3, 2004.

As noted, a trial was held on the Plaintiff's Complaint for Possession of Real Estate on November 5, 16, 18, and 22, 2004. The Defendant failed to attend trial on November 22, 2004 but made a statement by telephone to the Court, and was granted the opportunity to respond in writing to any of the testimony presented by the Plaintiff on that day.[3] On January 28, 2005, the Defendant filed: 1) "Emergency Motion and Closing Response, Including Dismissal [–] Application for Temporary Restraining Order and Preliminary Injunction and Perpetual Injunction and Affidavit;" 2) "Defendant Kidd Motions to

---

[2] The Defendant was the Plaintiff in case 03ca9796, in which she sought injunctive relief halting the foreclosure sale of the Property. In an Order signed on December 19, 2003, the Honorable Melvin R. Wright denied the Defendant's motion for preliminary injunction "since foreclosure took place on Dec. 11, 2003." See Kidd v. Goldberg, 03ca9796, Order docketed on 12/24/03. Although the written Order does not so indicate, according to the December 19, 2003 jacket entry, the case was dismissed. In a subsequent Order, Judge Wright stated: "The Court is unable to provide Plaintiff any relief in the instant action, since the basis of Plaintiff's Complaint was rendered moot upon the sale of the Property." See Kidd v. Goldberg, 03ca9796, Omnibus Order Denying Pl.'s Pro Se Motions (1) to Vacate/Recall Mandate/Set Aside/Reinstate Case; (2) to Amend (Recurring Damages); (3) for Reinstatement; and (4) to Amend Complaint, docketed 8/2/04. The Defendant has appealed this Order. See Kidd v. Goldberg, 03ca9796, Notice of Appeal, 9/4/04.

[3] The Plaintiff claimed that she could not attend trial on November 22, 2004 because she had been threatened. This claim is not supported by any evidence in the record and is not credited by the Court. Nevertheless, the Court respected the Defendant's right to be heard and her post-trial submissions have been considered.

3

(1) Stay Proceedings[;] (2) Enjoin Disbursement of Court Protective Order and (3) Reconsideration of Motion to Dismiss, Removal and Amend Answer."

## FINDINGS OF FACT

The Court finds that the Plaintiff is the rightful owner of the Property. The Plaintiff has submitted copies of: 1) the Memorandum of Purchase at Public Auction; 2) the Trustee's Deed; 3) a receipt indicating that the Deed was recorded with the District of Columbia Recorder of Deeds (Pl. Ex. 4); 4) a U.S. Department of Housing and Urban Development Settlement Statement for the Property as between the Plaintiff as borrower and Mr. Goldberg as seller (Pl. Ex. 5); 5) a District of Columbia property tax bill indicating the Plaintiff as owner (Pl. Ex. 6); and 6) a Re-Recording Certification document from the District of Columbia, amending the Trustee's Deed to reflect Mr. Goldberg's appointment as Substitute Trustee on October 23, 2003 (Pl. Ex. 8, Re-Recording Certification, 11/22/04).[4] The Defendant has offered no evidence to support the assertion that she owns the Property.

Even if the Defendant's complaints regarding the foreclosure process were properly before the Court, there would be no evidence to support them. In particular, no evidence supports the Defendant's allegation that Wells Fargo unfairly calculated her debt on the mortgage.[5] The Plaintiff testified that the

---

[4] The original Deed of Trust referred to Mr. Goldberg's March 11, 2002 appointment as Substitute Trustee and the instrument number related to that designation.
[5] The Defendant admits that, at one point, she fell behind two months in her monthly $540 mortgage payment. She explains that in March 2002, she went to a counseling service to seek a forebearance on this property with Wells Fargo and Freddie Mac. Instead of receiving a work-out package, she received a Notice of Foreclosure. The Defendant also challenges the amount of money that she was told she owed. At one point, she filed a letter of complaint because she thought she owed $38,000 but was told it was $64,000. In response to her concerns, Freddie

balance owed on the note was $38,974.11 plus attorneys' fees and costs. The Defendant also has asserted that the Plaintiff's Deed is defective because it reflects the March 11, 2002 appointment of Mr. Goldberg as Substitute Trustee, instead of the October 23, 2003 instrument so designating Mr. Goldberg. As noted, however, this error was corrected through the Re-Recording Certification executed on November 22, 2004, a true copy of which the Plaintiff has submitted as Exhibit 8.

## CONCLUSIONS OF LAW

Under District of Columbia law, the Defendant became a tenant at will when the Plaintiff took ownership of the Property.

> An estate at will is one held by the joint will of lessor and lessee, and which may be terminated at any time, as herein elsewhere provided, by either party; and such estate shall not exist or be created except by express contract; provided, however, that in case of a sale of real estate under mortgage or deed of trust or execution, and a conveyance thereof to the purchaser, the grantor in such mortgage or deed of trust, execution defendant, or those in possession claiming under him, shall be held and construed to be tenants at will, except in the case of a tenant holding under an unexpired lease for years, in writing, antedating the mortgage or deed of trust.

See D.C. Code § 42-522 (2004).

Under District of Columbia law, a former owner remaining as a holdover tenant following mortgage foreclosure does not enjoy rights accorded to a tenant

---

Mac indicated it would perform dual audits. Between April and May of 2003, the Defendant received four or five bills with amounts ranging from $864 to $3,000. She complains that the audits were never conducted and that disputed fees led to the foreclosure. While the Defendant is free to utilize all legal channels at her disposal to dispute the actual amount owed, the evidence is uncontradicted that she owed some money, she did not pay it and her property was foreclosed. Indeed, Pl. Ex. 9 showed that $38,974.11 (not including attorney's fees and costs) was owed. While she did not obtain the relief she apparently sought, that is not a basis for invalidating the foreclosure.

who has contractual privity with the property owner. See <u>Simpson v. Jack Spicer Real Estate, Inc.</u>, 396 A.2d 212, 215 (D.C. 1978) (holdover tenant, like a trespassing tenant, is not entitled to protections of rent control statute, and cannot be shielded from an action under forcible entry and detainer statute); <u>Nicholas v. Howard</u>, 459 A.2d 1039, 1041 (D.C. 1983) (statute's "reference to a tenancy does not operate to impose contractual obligations, i.e., for the payment of rent, upon the parties. Its purpose [is] to make the expeditious ejectment procedures of the Landlord and Tenant court available to the new owner . . . and to assure reasonable notice to the occupier); <u>Taylor v. First American Title Co.</u>, 509 A.2d 96, 97 (D.C. 1986) (holdover tenants are not entitled to oppose disbursement of protective order funds based on condition of property because owner "ha[s] no obligation with respect to [holdover tenants] to correct housing code violations"); <u>Hill v. G.E. Capital Mortg. Servs.</u>, 859 A.2d 1055, 1057 (D.C. 2004) (holdover tenant who received no notice of writ of restitution was not entitled to damages because he "was not a tenant who could redeem his tenancy by satisfying a money judgment for back rent and, therefore, he was not entitled to protections afforded renters under . . . *Trans Lux*").

Addressing the predecessor statute to D.C. Code § 42-522, the District of Columbia Court of Appeals stated that the Congressional purpose in enacting the law was

> to give a former owner of real estate . . . when sold out under a mortgage or deed of trust, a reasonable notice and time to peaceably remove himself and his belongings from the property sold before being made a defendant in a summary proceeding in court.

Received   Jul-22-05   04:10pm        From-202 626 7628         To-Freddie Mac Legal Di    Page 011

Rinaldi v. Wallace, 293 A.2d 847, 849 (D.C. 1972) (internal quotation marks omitted).

The notice to quit to which the Defendant is entitled as a holdover tenant is specified in D.C. Code § 42-3203 (2004), which states: "A tenancy at will may be terminated by 30 days notice in writing by either landlord or tenant".

In addition,

> Every notice to the tenant to quit shall be served in English and Spanish upon him personally, if he can be found, and if he can not be found it shall be sufficient service of said notice to deliver the same to some person of proper age upon the premises, and in the absence of such tenant or person to post the same in some conspicuous place upon the leased premises. If the notice is posted on the premises, a copy of the notice shall be mailed first class U.S. mail, postage prepaid, to the premises sought to be recovered, in the name of the person known to be in possession of the premises, or if unknown, in the name of the person occupying the premises, within 3 calendar days of the date of posting.

See D.C. Code § 42-3206 (2004).

The Plaintiff has submitted an Affidavit of Service by Special Process Server, in which Process Server Eugene Croxton affirms that he served a 30-day notice to quit in English and Spanish on the Defendant by posting a copy of the notice on the door of the Property premises at 12:40p.m. on April 14, 2004, and by mailing a copy of the notice to the Defendant on April 15, 2004. See Pl. Ex. 7. The Plaintiff also has submitted a copy of the notice itself. See id. (Notice to Vacate – D.C. Code Sections 42-522 and 42-3206.) On November 18, 2004, Mr. Croxton testified that he first attempted to serve the notice to quit on the Defendant at 7:15a.m. on April 14, 2004, when he knocked on the door at the Property and waited three to four minutes. Mr. Croxton returned later in the day,

7

knocked again, and then posted the notice on the door at 12:40p.m. On the following day, Mr. Croxton mailed a copy of the notice to the Defendant.

Although the Defendant testified that she never received the notice, the Court credits Mr. Croxton's testimony and sworn affidavit that he posted and mailed the notice. Furthermore, the Court finds that, prior to resorting to posting, Mr. Croxton made adequate efforts to serve the notice personally on the Defendant. Although both attempts were made on the same day, they were made at significantly different times of the day. See <u>Lynch v. Bernstein</u>, 48 A.2d 467 (D.C. 1946) (service adequate where landlord's counsel knocked on door at 10:30p.m., left after receiving no answer, returned at 11p.m., again knocked and received no answer, then posted notice to quit on door). Because service of the notice to quit preceded the filing of the Plaintiff's complaint by more than 30 days, the Court finds that the Plaintiff satisfied the notice requirements set forth in D.C. Code §§ 42-3203 and 42-3206. Through his efforts to serve notice to quit on the Defendant, the Plaintiff gave the Defendant "a reasonable notice and time to peaceably remove [herself] and [her] belongings from the property sold before being made a defendant in a summary proceeding in court." <u>Rinaldi v. Wallace</u>, <u>supra</u>, 293 A.2d at 849.

In addition, the Court finds that the Defendant had ample notice of the foreclosure itself in 2003. A letter from Wells Fargo to Patricia Kidd, dated June 23, 2003 and submitted by the Defendant as evidence, warned the Defendant that her loan was in default and that failure to pay the delinquency would result in acceleration of the loan. See Def. Ex. 7. On November 7, 2003, a Notice of

8

Foreclosure was issued, informing the Defendant of the payment required to prevent sale of the Property. See Pl. Ex. 9.

Finally, the Court finds that the Defendant received proper notice of the instant action for possession. As noted, the Plaintiff has submitted an Affidavit of Service by Special Process Server, in which Mr. Croxton affirms that he served the summons and complaint on the Defendant personally on May 28, 2004. In addition, Mr. Croxton testified at the October 15, 2004 hearing (during which the *pro se* Defendant cross-examined him) that he personally served the Defendant. Although the Defendant asserted that she was not served on May 28, 2004, she acknowledged that she was served after that date. The Court finds Mr. Croxton's testimony persuasive.

The Defendant raises a host of objections and arguments in her two sets of motions filed January 28, 2005. None of these, however, alter the Court's conclusion that, because the Plaintiff is the rightful owner of the Property, and because he served the Defendant with notice to quit and process in the instant matter in accordance with District of Columbia law, the Plaintiff is entitled to possession of the Property.

Pursuant to District of Columbia law, the Plaintiff may seek a writ of restitution for purposes of ejecting the Defendant from the Property not less than two days after this judgment for possession is docketed. See Super. Ct. L&T R. 16. The Court sees no basis in the record to warrant further stays in this matter.

For these reasons, it is this 2nd day of February 2005,

**ORDERED** that Judgment for Possession of the Property located at 615 Roxboro Place, N.W., Washington, D.C. 20011 is entered in favor of the Plaintiff, Godwin Ukaegbu. The Plaintiff may seek a writ of restitution for purposes of ejecting the Defendant from the Property not less than two days after this judgment for possession is docketed. It is

**FURTHER ORDERED** that the Defendant's Emergency Motion and Closing Response, Including Dismissal [–] Application for Temporary Restraining Order and Preliminary Injunction and Perpetual Injunction and Affidavit is **DENIED**. It is

**FURTHER RDERED** that the Defendant's Motions to (1) Stay Proceedings[;] (2) Enjoin Disbursement of Court Protective Order and (3) Reconsideration of Motion to Dismiss, Removal and Amend Answer are **DENIED**. It is

**FURTHER ORDERED** that the Defendant shall continue to pay into the Court Registry according to the terms of the Protective Order until she vacates the Property.

*Stephanie Duncan-Peters*
**Stephanie Duncan-Peters**
**Associate Judge**
(Signed in chambers)

Hand delivered

**Copies to:**

Patricia Kidd, *Pro Se*
615 Roxboro Place, N.W.
Washington, D.C. 20011

Godwin Ukaegbu, *Pro Se*
5505 Sargent Road
Hyattsville, MD 20782

10

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

DEC 1 5 2004

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Patricia Kidd,                )
                              )
        Plaintiff,            )
                              )
    v.                        )   Civil Action No.   04 2176
                              )
District of Columbia, et al., )
                              )
                              )
        Defendants.           )

ORDER

For the reasons stated in the accompanying Memorandum, it is this ____24th____ day of November 2004,

ORDERED that plaintiff's motion to proceed *in forma pauperis* [# 2] is GRANTED; it is

FURTHER ORDERED that plaintiff's motion for a temporary restraining order and a preliminary injunction is DENIED; and it is

FURTHER ORDERED that this case is DISMISSED with prejudice. This is a final appealable Order.

_____
United States District Judge

EXHIBIT
I

## CERTIFICATE OF SERVICE

      I, J. Arlene Campbell, hereby certify that on the 8th day of August, 2005 I caused a copy of Federal Home Loan Mortgage Corporation's Motion to Dismiss Complaint and Memorandum in Support, and Proposed Order, to be mailed first-class, prepaid postage, United States mail to the following:

Patricia Kidd
615 Roxboro Place, N.W.
Washington, D.C. 20011
 and
P.O. Box 29232
Washington, DC 20017

Wells Fargo Home Mortgage, Inc.
MAC X2505-02D
One Home Campus
Des Moines, Iowa 50328

Godwin Ukaegbu
5505 Sargent Road
Hyattsville, Maryland 20009

Draper & Goldberg PLLC
803 Sycolin Road, Suite 301
Leesburg, Virginia 20175

Alex Cooper Auctioneer, Inc.
c/o Draper & Goldberg PLLC
803 Sycolin Road, Suite 301
Leesburg, Virginia 20175

Robert Spanaletti
Office of the City Counsel
1350 Pennsylvania Avenue N.W.
Washington, D.C. 20004

District of Columbia Government
Mayor Anthony Williams
1350 Pennsylvania Avenue N.W.
Washington, D.C. 20004

                                    By: J. Arlene Campbell
                                    Dated: August 8, 2005